IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICKY PANAYOTY** | ) <br> ) <br> ) |
| *Plaintiff*, | ) **CASE NUMBER: 1:19-cv-01815** |
| v. | ) <br> ) <br> ) **JURY TRIAL DEMANDED** |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION** | ) <br> ) <br> ) |
| *Defendant*. | ) <br> ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant First Advantage Background Services Corporation (hereafter "First Advantage") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq.*

2. Under the FCRA and NY FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C.§1681a(d)(1)(B); NY Gen Bus L § 380-A.

3. Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.     Plaintiff Ricky Panayoty is an adult individual who resides in the state of New York.

8.     Defendant, First Advantage, is a business entity that regularly conducts business in the Eastern District of New York and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## FACTUAL ALLEGATIONS

9.     In or around September 2018, Plaintiff applied for employment at Wells Fargo Bank N.A. ("Wells Fargo"), through Howroyd-Wright Employment Agency, Inc. d/b/a AppleOne ("AppleOne").

10.    Plaintiff interviewed for the position and was provisionally hired by Wells Fargo, contingent upon a background check.

11.    AppleOne requested from the Defendant, and the Defendant sold to AppleOne a consumer report concerning the Plaintiff, on or about October 17, 2018.

12.    The consumer report furnished by Defendant was for employment purposes.

13.    The consumer report furnished by Defendant was inaccurate and incomplete. Specifically, the report was inaccurate and incomplete because it failed to include information that Plaintiff obtained a Certificate of Good Conduct ("Certificate") under Articles 23 of the New

York Correction Laws from the State of New York – Department of Corrections and Community Supervision on December 5, 2016. Article 23 provides that, "a conviction of a crime or of an offense specified in a certificate of good conduct shall not be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right, … or other authority or privilege covered by the certificate…" N.Y. Correct. Law §§ 700-706. In conjunction, under 23-A of the New York Correction Laws, the Certificate, "shall create a presumption of rehabilitation in regard to the offense or offenses specified therein." N.Y. Correct. Law §§ 750-755. By excluding the Certificate, Plaintiff's prospective employer was unaware that his past criminal convictions are no longer a bar to employment or that he is presumed to have been rehabilitated, and therefore could not properly evaluate his background report.

14. The inaccurate and incomplete information negatively reflects upon the Plaintiff and misidentifies Plaintiff's criminal history. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that inaccurately and incompletely reported Plaintiff's criminal history because it failed to include Plaintiff's Certificate.

15. Defendant has been reporting the inaccurate information through the issuance of false, inaccurate and incomplete background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

16. The inaccurate and incomplete information includes, but is not limited to, failing to identify Plaintiff's Certificate, which would relieve Plaintiff of any disability, and remove any bar to his employment, automatically imposed by law by reason of his conviction(s) or of the offense specified within the Certificate, and create a presumption of rehabilitation.

17. The derogatory inaccurate and incomplete information appears to be caused by Defendant's failure to reasonably review its criminal records data. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

18. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would not have failed to include notice of the Certificate on Plaintiff's consumer report.

19. Plaintiff was subsequently denied employment opportunities through Wells Fargo. Plaintiff was informed by Wells Fargo that the basis for the decision denying him employment was the information that appears on Plaintiff's First Advantage background report and that the inaccurate and incomplete information was a substantial factor in the denial.

20. Plaintiff disputed the inaccurate information with First Advantage by written and oral communications to its representatives and by following First Advantage's established procedures for disputing consumer credit information in or around October 2018. Plaintiff attached to his disputes a copy of the Certificate from the State of New York which would have put Defendant on notice to further investigate his criminal history, and correct its report to include the Certificate.

21. Notwithstanding Plaintiff's efforts, in or around December 2018 Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate and incomplete information and Defendant continued to publish and disseminate such inaccurate and incomplete information to other third parties, persons, entities and potential employers.

22. Despite Plaintiff's efforts, Defendant, however, has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained the actual public/criminal records, police records or other records relating to the criminal charges.

23. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to correct the inaccurate and incomplete information, has failed to report on the results of its reinvestigations to all of Plaintiff's potential employers and has continued to report the derogatory inaccurate and incomplete information about the Plaintiff.

24. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

29. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b) and § 1681i.

5

32. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II – VIOLATIONS OF THE NY FCRA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by NY Gen Bus L § 380-A(a) and (e).

35. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by NY Gen Bus L § 380-A(b).

36. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by NY Gen Bus L § 380-A(c).

37. Pursuant to NY Gen Bus L § 380-L and §380-M, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to NY Gen Bus L § 380-J and §380-G.

38. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: March 27, 2019
New York, NY

Respectfully submitted,

Adam G. Singer
**LAW OFFICE OF ADAM G. SINGER, PLLC**
60 E. 42nd Street, Suite 4600
New York, NY 10165
asinger2@alumni.law.upenn.edu
212.842.2428
Attorney Bar # AS7294

7